judgment of the court on the points and authorities in our brief now before the court in the case of Blair v. Ridgely.

HOLMES, Judge, delivered the opinion of the court.

This case is governed by the opinion in the case of the State v. Murphy. The indictment was quashed on motion, and the plaintiff brings the case up by writ of error.

The judgment is affirmed. The other judges concur.

————◦•◦————

THE STATE v. ELIZABETH TILLERY.

*Error to Marion Circuit Court.*

Same.

————◦•◦————

JOSEPH T. MOSS, Plaintiff in Error, v. MICHAEL W. GREEN, Defendant in Error.

1. *Contract—Evidence—Writing.*—Where a written memorandum of a contract does not purport to be a complete expression of the entire contract, or a part only of the contract is reduced to writing, the matter thus left out of the writing may be supplied by parol evidence.
2. *Contract— Consideration — Promise.*—A promise is a sufficient consideration for a promise where there is an absolute mutuality of engagement, so that each party has the right to hold the other to a positive agreement.

*Error to Second District Court.*

*Abner Green*, for plaintiff in error.

I. The written contract not purporting to state the particulars, it was perfectly competent to offer parol testimony to explain parts of it on which the writing was silent, such proof not being contradictory to the writing—2 Phil. Ev. 772, Lond. ed ; 1 Greenl. Ev. § 284, *a.;* 3 Cow. & H. Notes to Phil. Ev. 1471–2; Rollins v. Claybrook, 22 Mo. 405. No objection was made to the introduction of parol testimony for this purpose.

*Jno. L. Thomas*, for defendant in error.

I. No contract binding upon any one was proven in this case. The paper sued on is not sufficient to bind any one.