## McCLURE, Appellant, v. ULLMAN, Respondent.

### St. Louis Court of Appeals, December 1, 1903.

1. **Principal and Agent:** DOUBLE AGENCY: VOID CONTRACT. Where one occupies the dual relation of agent for both buyer and seller, if the seller is ignorant of his agency for the buyer, a contract of sale procured by him between the buyer and seller is void because against public policy.

2. **Pleading:** SPECIAL DEFENSE: FRAUD. Where a contract sued on is fair upon its face and the defendant relies upon extrinsic facts to show that it is fraudulent or void as against public policy, he must specifically plead such defense in order to make it available.

3. ——: ——: ——: Where the plaintiff sues upon a contract, the illegality of which does not appear upon its face or from the petition, but is shown affirmatively by the plaintiff in his testimony, he can not recover, although the defendant has failed to plead the facts which show its illegality.

4. **Void Contract:** RATIFICATION. A party to a contract, procured by an agent acting in a double capacity unknown to him, does not ratify it by retaining earnest money paid him thereon, where it is not shown to whom the money is payable.

Appeal from Greene Circuit Court.—*Hon. J. T. Neville,* Judge.

AFFIRMED.

*White & McCammon* for appellant.

(1)  The peremptory instruction given by the court was based on the theory that plaintiff's husband was acting in her behalf to buy, and also as agent of Dr. Ullman to sell, and that the contract made by defendant could not, therefore, be enforced; that such fact invalidates the contract.   To this view there are several answers, each sufficient and complete.   (a) There was no such defense made in the pleadings.   The answer was a general denial only, and the rule is "If defendant intends to rely upon any matter which goes to defeat or avoid plaintiff's action he must set it forth.   Pattison's Mo. Code Pleading, secs. 551, 552 and 622; Sybert v. Jones, 19 Mo. 86; Moore v. Ringo, 82 Mo. 468; Musser v. Adler, 86 Mo. 445; Cummiskey v. Williams, 20 Mo. App. 606.   Nor will an appellate court consider an unpleaded defense.   W. L. A. & M. Assn. v. Delano, 108 Mo. 217; McDearmont v. Sedgwick, 140 Mo. 172-5; Meier v. Proctor & Gamble Co., 81 Mo. App. 419.   The trial court, therefore, under the general denial, would not have been justified in admitting testimony to invalidate the contract, and yet defendant obtains all the advantage of that defense.   (b)   The defendant, however, having received the benefit of the transaction, having accepted and held the proceeds of the sale after full information as to who was the buyer—if he could claim to have ever been ignorant, and holding the money paid to this day—must be held to have ratified the contract made.   He can not avail himself of a contract made by an agent as to that part of it advantageous to him and repudiate its obligations, and this rule applies not only when the ratification is express, but also when it is implied. Mechem on Agency, sec. 130; Story on Agency, sec. 250. (c)   The agreement is an entire thing and all its provisions are to be taken together.   The defendant had to affirm or reject the whole.   He has ratified it to the extent that he holds the money paid under it.   He can not

escape its corresponding obligation. Herman on Estoppel, sec. 1069; Austin v. Loring, 63 Mo. 19; Clyburn v. McLaughlin, 106 Mo. 524; McClanahan v. West, 100 Mo. 323; Fahy v. Springfield Grocer Co., 57 Mo. App. 76; Chase v. Williams, 74 Mo. 437; Wilcoxon v. Osborn, 77 Mo. 628; Bank v. Badger Lumber Co., 54 Mo. App. 331. (d) The contention that defendant can retain plaintiff's money and at the same time say the contract by which he holds it does not bind him is so repugnant to all sense of justice that it does not require further citation of authorities, though no principle has been oftener announced by the courts. (e) The evidence showing that defendant knew at the time of the transaction that plaintiff was the purchaser of the lot and having retained the earnest money, such retention of the money paid was an election to ratify the contract and such election was final. The contract adopted for a moment is adopted forever and he immediately became bound thereby. Mechem on Agency, sec. 169. (2) It is contended under point 3 of respondent's abstract that by permitting evidence to be introduced without objection, the question of pleading the double agency was waived. Since defendant offered no evidence whatever, it is difficult to see the force of this contention. Reese v. Garth, 36 Mo. App. 140; Mize v. Glenn, 38 Mo. App. 103; George v. Williams, 58 Mo. App. 140; Reynolds v. Reynolds, 45 Mo. App. 627; Cumminskey v. Williams, 20 Mo. App. 610. (a) The contract made by defendant, even granting that he would not have made it if he had known to whom he was selling the lot, was one which, after he learned plaintiff was the purchaser, he might ratify. "He who may authorize in the beginning may ratify in the end." Mechem on Agency, secs. 110, 111, 112; Bank v. Gay, 63 Mo. 39; Bank v. Dunn, 62 Mo. 79; Bless v. Jenkins, 129 Mo. 659; Chouteau v. Allen, 70 Mo. 290; Riley v. Forghee, 57 Mo. 390. (b) The acts of respondent, after full knowledge of all the facts, constitute ratification of the contract. Mc-

Lachlin v. Barker, 64 Mo. App. 511; Mechem on Agency, sec. 148; Dry Goods Co. v. Bank, 81 Mo. App. 51. In Fahy v. Grocer Co. the law was stated thus: "The question of ratification was one of fact and should have been submitted to the jury." Bank v. Murdock, 62 Mo. 70; Middleton v. Railroad, 62 Mo. 581.

*W. H. Horine, C. J. Wright* and *Mann, Sebree & Farrington* for respondent.

(1) The double agency of Milton McClure, and the fraud practiced by him upon the respondent, rendered the contract sued on void from the beginning and no action can be maintained thereon. Chapman v. Currie, 51 Mo. App. 40; Smith v. Tyler, 57 Mo. App. 668; DeSteiger v. Hallington, 17 Mo. App. 382; Robinson v. Jarvis, 25 Mo. App. 421; Atlee v. Fink, 75 Mo. 100; Everheart v. Searle, 71 Pa. St. 256. (2) Nor is it necessary to show that injury to respondent resulted from such contract. The contract is void on account of its necessarily injurious tendency, and its being against public policy. Rice v. Wood, 113 Mass. 133. (3) (a) It is competent to make this defense under a general denial, because the contract was void from its inception and plaintiff never had a cause of action, and this fact was disclosed by the evidence of plaintiff in making out her case. School Dist. v. Sheidley, 138 Mo. 672; McDermot v. Sedgewick, 140 Mo. 172; White v. Middlesworth, 42 Mo. App. 368; Scudder v. Atwood, 55 Mo. App. 512; Hardwick v. Cox, 50 Mo. App. 509. (b) The statute of frauds may be shown under a general denial, because it is for the plaintiff to prove that the contract on which he sues is one which is legally binding. Hackett v. Watts, 138 Mo. 502; Porter v. Bank, 73 Mo. App. 513; Hillmon v. Allan, 145 Mo. 638. (c) Conceding, for the sake of argument, that the defense was not properly raised by the general denial, yet by permitting the evidence to be introduced without objection, the

question of pleading was waived by such failure to object. Hardwick v. Cox, 50 Mo. App. 509; McDonald v. Cash, 45 Mo. App. 66; Stewart v. Goodrich, 9 Mo. App. 125; Hall v. Meyer Bros. Drug Co., 140 Mo. 433. (4) (a) Respondent in retaining the twenty-five dollars paid him as earnest money, is not in the attitude of attempting to avail himself of that part of the contract of his agent favorable to himself, and repudiating his obligation, as contended by appellant. Respondent is not bringing an action to rescind the contract. No demand has ever been made for this money and it is not shown by the testimony to have belonged to appellant, and the testimony does show that it belonged to Milton McClure, the alleged agent, who was fraudulently claiming and pretending to act as the agent of respondent, but who was in fact seeking to invest his own money in the lot in controversy, and to take the title in the name of his wife, whose agent he testifies he was, which fact was not disclosed to respondent. Attaway v. Bank, 93 Mo. 485, and cases cited. (b) Appellant can not invoke the doctrine of estoppel to validate a contract which in law is absolutely void, or void as against public policy. The rule is that no one can be estopped by an act that is illegal and void. 2 Herrman on Estoppel, 992; Nichols v. Bank, 55 Mo. App. 81-91; Brown v. Bank, 37 N. E. 158; Hutchins v. Weldon, 15 N. E. 804; Austin v. Loring, 63 Mo. 19.

## STATEMENT.

The evidence on the part of plaintiff is that defendant owned a vacant lot in the city of Springfield, Missouri, which Milton McClure, the husband of plaintiff, wanted to purchase, the purchase price to be furnished partly by himself and partly by plaintiff, conveyance to be made to plaintiff, if her husband should succeed in making the purchase. Milton McClure had had a little trouble with defendant about another lot and did

not believe that the defendant would sell him the lot. McClure was a real estate agent and known to be one by the defendant. McClure got Z. T. Bradley, another real estate agent, to consent to let him use his name as the purchaser, provided he could make a deal with the defendant. After this arrangement with Bradley, Mc-Clure called on defendant in the capacity of a real estate agent and got defendant to name a price at which he would sell the lot, telling him he had a prospective pur-chaser for it. Defendant named his price at $4,000. McClure then said to him, ''Now, what is there in it for me, I am an agent,'' and he said, ''I wouldn't pay you more than twenty-five dollars.'' McClure went away but in a short time returned to defendant and paid him twenty-five dollars earnest money and took from him the following receipt and contract:

''Springfield, Mo., April 24, 1901.

''Received of Z. T. Bradley $25 to apply to payment of purchase price of four thousand dollars for the fol-lowing described lot, fronting on College street in said city to-wit: beginning one hundred and forty feet east of of the northwest corner of lot 31 of block 11, the same being the northwest corner of D. C. Dade's brick store building fronting north on said College street, thence south (with the variations of said lot as heretofore con-veyed by D. C. Dade), to a point midway between the south line of College street and the north line of South alley of Pickwick street, thence west twenty feet, thence north to the south line of College street, thence east with south line of College street twenty feet to point of begin-ning. Abstract of title to be furnished by the under-signed showing title to be well vested in fee simple in said L. Ullman. Title to the lot aforesaid to be con-veyed by good and sufficient warranty deed to Z. T. Bradley or to such person as he may name as grantee. Said deed to convey the right and privilege to use the west wall of the Dade brick building aforesaid without

cost or compensation. Balance of purchase price to be paid on execution and delivery of deed aforesaid. Same to be consummated within a reasonable time from the date hereof.

(Signed) "L. ULLMAN."

Afterwards there was some controversy about who should pay the taxes on the lot for a certain year. McClure agreed to pay these taxes. Then came up some doubt as to the exact dimensions of the lot. This doubt was not solved, but McClure tendered the balance of the purchase price and demanded a deed to be made to his wife, the plaintiff (the contract of sale and purchase having been assigned to her by Bradley). Defendant refused to receive the purchase money or to make a deed. Plaintiff then sued on the contract to recover damages for breach thereof.

The evidence is that the lot was, at the time of the contract for its sale, worth from $4,500 to $5,000.

The answer was a general denial.

At the close of plaintiff's evidence, the court instructed the jury to return a verdict for defendant. A motion for new trial was filed but overruled, whereupon plaintiff appealed.

BLAND, P. J. (after stating the facts as above).— The court took the case from the jury on the ground that the evidence showed MiltonMcClure perpetrated a fraud on defendant in acting as agent for both seller and purchaser and for having a secret interest in the purchase. That the evidence disclosed double agency and the practice of deception on defendant, there is no doubt, and it is hardly to be doubted that had McClure disclosed to the defendant his true relation to the transaction, the contract would not have been entered into by defendant. The temptation to commit fraud is too great to permit one to act as agent for both buyer and seller. This dual relation, if unknown to the seller, makes the contract ab-

solutely void because against public policy. Chapman v. Currie, 51 Mo. App. 40; Smith v. Tyler, 57 Mo. App. 668; Norman v. Roseman, 59 Mo. App. 682; De-Steiger v. Hollington, 17 Mo. App. 382; Connor v. Black, 119 Mo. 1. c. 134; Atlee v. Fink, 75 Mo. 100; Hafner v. Herron, 165 Ill. 242; Young v. Hughes, 32 N. J. Eq. 372; Humphrey v. Eddy Transportation Co., 107 Mich. 163; Hampton v. Lackens, 72 Ill. App. 442; Rice v. Wood, 113 Mass. 133; Holcomb v. Weaver, 136 Mass. 265; Bollman v. Loomis, 41 Conn. 581; Jansen v. Williams, 20 L. R. A. 207; Halsey v. Monteiro, 92 Va. 581; Finch v. Conrade, 154 Pa. 326.

The case of DeSteiger v. Hollington, supra, is on all fours with the one at bar. In that case the defendant executed a written contract to sell land. The evidence showed that the agent who procured his signature to the contract was, without the knowledge of defendant, acting also as the agent of the purchaser. On discovery of this dual capacity, the defendant refused to receive the balance of the agreed purchase price, or to execute and deliver a deed to the premises. The suit was to recover damages for a breach of the contract. The trial court refused the following declaration of law asked by the defendant:

"Under the law, H. S. Beery could not act as agent for both defendant and plaintiff at the same time without the consent of both parties, and neither the receipt or writing in evidence, nor any understanding or agreement at the time of signing the same, will be binding as between defendant and plaintiff, unless the jury find from the evidence that the defendant had at the time full knowledge that said Beery was acting for and in the interest of the plaintiff."

The judgment was reversed for refusal of the court to grant this instruction, the court, through ELLISON, Justice, saying: "So jealous is the law as to the relation between principal and agent, that in passing on questions of this character, arising between them, the

mere fact of the discovery of no actual fraud or bad faith does not relieve the case in the least. 'The cases are nearly if not quite uniform, where the double employment exists and is not known. No recovery can be had against the party kept in ignorance and the result is not made to turn on the presence or absence of designed duplicity and fraud, but is a consequence of established policy.' Scribner v. Collar, 40 Mich. 375. The same principle is well espressed in the case of Everhart v. Searle (71 Pa. St. 256). It is said in that case that, 'it matters not that there was no fraud meditated and no injury done; the rule is not intended to be remedial of actual wrong, but preventive of the possibility of it.' ''

2. The contract on which this suit is brought is fair on its face. Its illegality was shown by extrinsic facts. For this reason it is contended by plaintiff that the defense of fraud was not available under defendant's answer (a general denial); that he should have stated the extrinsic facts in his answer to make the defense of fraud available. In Sybert v. Jones, 19 Mo. 86; Moore v. Ringo, 82 Mo. 468, and Musser v. Adler, 86 Mo. 445, it was ruled that a special defense—as that the services sued for were contrary to public policy— should be pleaded. But in Sprague v. Rooney, 104 Mo. 349, it was held that under a general denial, parol evidence was admissible to show that a contract, under seal, was void as opposed to public policy and that in contemplation of law, in consequence of the proven illegality, no contract at all had ever existed. In a later case (St. Louis, etc., Association v. Delano, 108 Mo. l. c. 220) it was held that the defense of illegality of the contract sued on must be specifically pleaded, in the absence of anything in the petition disclosing such illegality. In McDermott v. Sedwick, 140 Mo. 172, Sprague v. Rooney, supra, is overruled, and the cases of St. Louis, etc., Association v. Delano, Sybert v. Jones, Moore v. Ringo, and Musser v. Adler, supra, were approved. In Mc-

Dearmott v. Sedwick, supra, at page 183, it is said that the common statement of the courts is that, "If it appears from plaintiff's own showing that the contract arises from an immoral cause, or the transgression of a positive law, the court will at once refuse its assistance. But when the illegality does not appear from the contract itself or from the evidence necessary to prove it, but depends upon extraneous facts, the defense is new matter, and must be pleaded in order to be available." The illegality of the contract sued on did not appear upon the face of the contract or in the petition, but in making his proof of the contract, plaintiff by his evidence showed that it was illegal, hence it was upon his own showing that the illegality was made to appear, and it seems to us that the manner of showing it is of no consequence. The fact that the plaintiff affirmatively shows it, is the principal thing; when he made this showing, the court very properly refused him its assistance.

3.  It is contended that defendant ratified the contract after he became possessed of the fact that McClure, in procuring it, was acting in a double capacity by retaining the twenty five dollars earnest money. The record does not show whose money this was. McClure handed it to defendant and testified he was to furnish one-half the purchase price of the land and his wife the other half, but which of them furnished the twenty-five dollars is not in evidence and, hence, to whom payment or a tender of payment should be made is left in doubt. If it is McClure's money, the defendant could not pay it to the plaintiff. It was paid to him as the money of Bradley. Until the McClures agree among themselves as to which of them the money should be paid, defendant ought not to be prejudiced by not having made a prompt tender to either of them.

The judgment is affirmed. *Reyburn* and *Goode, JJ.*, concur.