SCRIBA, Respondent, v. NEELY, Appellant.

St. Louis Court of Appeals, March 31, 1908.

CONTRACTS: Consideration: Mutual Promises.   A promise of each of the parties to a contract is sufficient consideration for the promise of the other.   Where a real estate broker agreed to give up a contract whereby he might earn $200 if he should make a sale for a landowner, in consideration of the land-owner's promise to pay him $100 within a given time, the latter promise was supported by a sufficient consideration.

Appeal from Lawrence Circuit Court.—*Hon. F. C. Johnston,* Judge.

AFFIRMED.

*William B. Skinner* for appellant.

The alleged promise of defendant sued on in this action in the circumstances detailed by plaintiff and his witness White, is *nuda pacta,* without consideration and is non-enforcible in law.   Swaggard v. Hancock, 25 Mo. App. 596; Long v. Towl, 42 Mo. 545; Wright v. Vetter, 54 Mo. App. 384; Moss v. Green, 41 Mo. 389; Lamp Co. v. Mfg. Co., 64 Mo. App. 118; German v. Gilbert, 83 Mo. App. 416; Steel v. Johnson, 96 Mo. App. 159; Willis v. Gammill, 67 Mo. 730.

*P. H. Barris* and *McPherson & Hilpirt* for respondent:

The assignment of a debt, contract or right is a good consideration for a promise by the assignee Kratz v. Stocke, 42 Mo. 351. If the contract by which defendant agreed to pay plaintiff $200 was of any value then its surrender was a good consideration for defendant's promise to pay him the one hundred dollars, because it is not necessary that the consideration should be adequate in point of value in order to be sufficient. If its surrender was of the least benefit or advantage to the defendant or its surrender the least injury or detriment to the plaintiff such surrender in either case constitutes a sufficient consideration. Houck v. Frisby, 66 Mo. App. 16; Ridenbaugh v. Young, 145 Mo. 274; Forbes v. Railroad, 107 Mo. App. 66.

BLAND, P. J.—Defendant signed and delivered to plaintiff the following agreement:

"$6,500.                      Feb. 10, 1906.

130 acres.
68 acres bottom.

"By this I, Frank Neely, agree to pay to John Scriba in case he sells my farm or sends me a buyer, the sum of two hundred dollars ($200), if he sells inside of one year.

"J. F. NEELY."

After the agreement was signed, plaintiff wrote over it the date, "February 10, 1906," and swore the paper was signed on or about that date. Defendant testified it was made at a much earlier date but was in force at the time defendant sold his land. Both parties testified that the sum for which plaintiff was authorized to sell defendant's land was $6,500. In September, 1906, defendant sold his farm to Joseph Schloman for $5,200. Schloman was not introduced to defendant by plaintiff nor was plaintiff instrumental in making the

sale of the farm. Schloman testified that he had known the farm was for sale for two years before he bought it and had tried to buy it on a former occasion but defendant asked more for it than he thought it was worth. Plaintiff testified he tried to sell the farm to several prospective buyers while it was in his hands for sale and before he learned defendant had sold it; that on learning it was sold he, in company with Richard White, went to defendant's place of residence and had a conversation with him, in regard to his claim for compensation for his trouble and work in endeavoring to sell the farm, which culminated in the following agreement: That defendant would, in three days, pay plaintiff $100, plaintiff to cancel the contract and give defendant an acquittance of any claim for compensation, or claim for commission, for any sale or effort to sell the farm. The suit is on this verbal contract. Defendant denied that he made the agreement to pay plaintiff $100. The contract whereby defendant agreed to pay plaintiff $200 was not surrendered to defendant at the time the alleged agreement to pay was made, nor at any other time.

The cause originated in a justice's court and in due course was appealed to the circuit court. The trial in the circuit court resulted in a verdict for defendant which, on plaintiff's motion, was set aside and a new trial granted, on the ground that the verdict was against the weight of the evidence. Defendant appealed from the order granting a new trial. Defendant's contention is that on plaintiff's own evidence he cannot recover for the reason his evidence shows the contract sued on is without any consideration. The evidence of both parties shows that at the time defendant sold his farm his written contract with plaintiff was still in force and had sometime to run. Plaintiff's contention is that the surrender, or cancellation, of his contract would have been sufficient consideration to

support defendant's promise to pay the $100; on the other hand, defendant contends that as the contract was not surrendered at the time the promise to pay the $100 was made, and only a promise made to cancel it on condition that defendant would pay $100, plaintiff cannot recover; in other words, that there was only a promise for a promise and nothing more, and as no part of the contract was executed by either of the parties, it was a mere *nudum pactum*. Defendant's agreement to pay plaintiff $200, if the latter would sell or find a purchaser for his farm, was in force and might rise up in the future and give defendant trouble, as the evidence shows defendant apprehended. Plaintiff's evidence shows that he agreed to cancel the written contract, if defendant would pay him $100, and that defendant agreed to pay the $100 in three days, in consideration of plaintiff's promise to cancel the written contract. In bilateral contracts (as was this one) the promise of each of the parties is a sufficient consideration for the promise of the other. [Byrd v. Fox, 8 Mo. 574; State v. Tillery, 41 Mo. 389; Steele v. Johnson, 96 Mo. App. l. c. 159, 69 S. W. 1065; 6 Am. and Eng. Ency. of Law, p. 727.]

SMITH, P. J., Kansas City Court of Appeals, in German v. Gilbert, 83 Mo. App. l. c. 416, states the general rule thus: "That in order to support an action the promise must have been made upon legal consideration moving from the promisee to the promisor; there must be either a benefit to the maker of the promise or the waiver of some legal right, a loss, trouble or inconvenience to, or a charge or obligation resting upon the party to whom the promise is made. [Givens v. Corse, 20 Mo. App. 132; Brownlow v. Wollard, 66 Mo. App. 636; Houck v. Frisbee, 66 Mo. App. 16; Block v. Elliott, 1 Mo. 275; Halsa v. Halsa, 8 Mo. 303; Hudson v. Busby, 48 Mo. 35; Williams v. Jenson, 75 Mo. 681; Beach on Contr., sec. 5, note 1.] Consideration means

not so much that one party is profited as that the other abandons some legal right in the present, or limits his legal freedom of action in the future as an inducement for the act or promise for the first. It does not matter whether the party accepting the consideration has any actual benefit thereby or not—it is enough that he accepts it and that the party giving it does thereby undertake some burden or lose something which in contemplation of law may be of value."

Plaintiff's evidence brings the case clearly within the rule and he is entitled to recover, if he is able to satisfy a jury of the truth of the allegations of his complaint, of which there is substantial evidence in the record. However, there is countervailing evidence, but we agree with the learned circuit judge that the verdict is against the weight of the evidence, and affirm the judgment awarding a new trial. All concur.