# H. H. HUGHES, Respondent, v. JOSEPH FOLTZ et al., Appellants.

### Springfield Court of Appeals, April 4, 1910.

1. **CONTRACTS: Consideration: Sale of School Property.** Plaintiff claimed that he had an agreement with the president and vice-president of a school board giving him the privilege of purchasing certain school property at a price which had been offered by out of town parties; that defendants entered into an agreement by which they promised to pay him $1,000 if plaintiff would withdraw his claim and allow the property to be conveyed to them which was done. *Held*, that plaintiff's withdrawal of his claim was a sufficient consideration to support the contract.

2. ————: **Sale of School Property: Contract With Individual Members of School Board.** An agreement with the president and vice-president of a school board to purchase certain school property is not a binding contract that can be enforced against the board.

3. ————: —,——: **Public Policy.** Where school property had been offered at a certain price, and not offered for bids, and plaintiff had been promised by two members of a school board to be favored as a purchaser as against certain non-resident buyers and, for a consideration, plaintiff entered into an agreement with defendants to waive his claim as a purchaser and to allow them to purchase the property at the same price; *held*, that the contract was not against public policy.

4. ————: **Fraud in Procurement: Pleading: Appellate Practice.** Where defendants claim on appeal that the contract sued on was obtained through false representations of plaintiff, but the fraud was neither pleaded in the answer nor shown by the evidence of plaintiff, the contention of defendants cannot be considered by the appellate court.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

AFFIRMED.

142 App—33

*McCollum & Johnson* for appellants.

(1) The respondent had no contract for the purchase of the lot; the individual members of the board had no power to contract. Johnson v. School Dist., 67 Mo. 319; Kane v. School Dist., 48 Mo. App. 408; State v. Lawrence, 178 Mo. 350. (2) The contract relied on by respondent was not supported by a consideration and was void. Haseltine v. Ausherman, 87 Mo. 410; Klausman v. Brewing Co., 32 Mo. App. 357; Ward v. Hartley, 178 Mo. 135.

*Hamlin & Seawell* for respondent.

(1) The contention of fraud and misrepresentation in the procurement of the contract not having been pleaded as a defense by appellants, cannot now be considered. Gibson v. Jenkins, 97 Mo. App. 27; Mitchell v. Branham, 119 Mo. App. 643. The evidence, however, fails to show any fraud or misrepresentation on the part of respondent. (2) The agreement to pay the $1000, being a direct promise to pay money, imports a consideration. Montgomery v. Auckley, 92 Mo. 129; Houck v. Frisbee, 66 Mo. App. 21; Kratz v. Stocke, 42 Mo. 351; Reed v. Crane, 89 Mo. App. 670; Marks v. Bank, 8 Mo. 316; Holsa v. Holsa, 8 Mo. 303; Carr v. Cord, 34 Mo. 513; City v. Gaslight Co., 70 Mo. 69; German v. Gilbert, 83 Mo. App. 411; Volle v. Picton, 16 Mo. App. 178. (3) Although the claim may be doubtful, still it is held to be a sufficient consideration to support a promise. Matue v. Railway, 105 Mo. 320; Rinehart v. Bills, 82 Mo. 534; School Dist. v. Matherly, 90 Mo. App. 403.

COX, J.—The original petition filed in this case, omitting formal parts, was, in substance, as follows: Plaintiff, for his cause of action against the defendants, says that on the ——— day of ———, 1907, he contracted to purchase from the school board within and

for Springfield, Missouri, the following described real estate, to-wit (describing it). That afterward, the defendants agreed to pay him one thousand ($1000) dollars if he would sell them his contract to purchase said lot from said school board, and permit said board to convey said property to them; that he accepted said proposition and said school board released plaintiff from his contract to purchase, and conveyed said property to defendants; that he has demanded payment of the one thousand ($1000) dollars which has been refused. The answer is as follows:

"Comes now the defendants in the above entitled cause, and for amended answer to plaintiff's petition, deny that on the ———— day of ————, 1907, plaintiff contracted to purchase from the school board within and for Springfield, Missouri, the real estate described in plaintiff's petition.

"Further answering, defendants deny that afterwards the defendants agreed to pay plaintiff one thousand ($1000) dollars as alleged in plaintiff's petition.

"Further answering, the defendants deny each and every allegation in plaintiff's petition contained."

Trial was had before the court sitting as a jury, and the evidence on part of plaintiff tended to show that he had understood that the property was for sale and that some out of town parties were negotiating for it, and he saw two members of the school board, Allen and Williams, who were president and vice-president of the board, and they had agreed with him that as far as they were personally concerned they would prefer to sell to him at the same price offered by the other parties, to-wit, twenty thousand ($20,000) dollars; that a written contract was prepared but was not signed by him and members of the board; that he went to Mr. Viers, who represented defendants, and told him that he, plaintiff, had a contract for the purchase of the property, and proposed a compromise of the matter with defendants, and offered to give or take one thousand

($1000) dollars, and, after some negotiations, Viers agreed, on behalf of defendants, to give plaintiff one thousand dollars for his claim, and the following, memorandum was prepared and signed by Viers.

"Springfield, Missouri,
"September 17, 1907.

"We, Messrs. Foltz and Andrus, hereby agree, through W. N. Viers Realty Company, to pay Mr. H. H. Hughes $1000 either cash or reasonable time allowed, and Mr. Hughes is to withdraw his claim on the Central School property. Above is contingent on the sale being made to above Foltz and Andrus. Otherwise void.

"(Signed)     W. N. Viers Realty Co.,
"By W. S. Viers,
"H. H. Hughes.'"

That the property was afterward conveyed to defendants, and that plaintiff had demanded payment of the one thousand dollars which defendants had refused.

The evidence for defendants tended to show that this agreement to pay one thousand dollars to plaintiff was executed by reason of the representation of plaintiff that he had a contract with the school board for the purchase of this property, and that as a matter of fact he had no such contract.

At the close of the testimony and after the argument of counsel, but before judgment, plaintiff asked and was granted permission to amend his petition to correspond with the proof, and he amended it by changing the allegation that he had contracted with the school board to purchase the property to an allegation that he had contracted with A. D. Allen, president, and Ed V. Williams, vice-president of the school board, and that defendants agreed to pay him one thousand dollars for his claim to said property on condition that the school board should transfer said property to them.

The court then found the issues for the plaintiff and rendered judgment for him for one thousand dollars.

The only declaration of law asked was a peremptory one by defendants that the issues should be found for them. This was refused.

It is contended by appellants that respondent did not have a contract with the school board for the purchase of the property, and, hence, there was no consideration for the obligation sued on. It is true that the plaintiff did not have a contract with the district, but only had the promise of two members of the board of directors that they would favor selling the property to him, and if this judgment in his favor rested upon that proposition it could not stand. That, however, was not the basis of the court's finding. It will be noted that the defendants did not have a binding contract with the school board either, at the time the instrument which is made the basis of this action was executed by them, and the fact that the court permitted plaintiff to amend his petition to correspond with the facts proven, after the evidence was all in, shows that the court found that neither of these parties had a contract with the district that could be enforced at the time the obligation from defendants to plaintiff was executed, but that the facts were that plaintiff and defendants were at that time seeking to purchase the property, and to prevent conflicting claims and a controversy as to which should secure the property with a possible result that it would go to plaintiff, an agreement was reached between them that defendants should take the property and pay plaintiff one thousand dollars, and, in consideration that plaintiff should withdraw his claim and allow the property to be conveyed to defendants, the instrument which is the basis of this suit was executed by defendants. The evidence fully warrants this finding, and this was clearly a sufficient consideration to support the contract. [Scriba v. Neely, 130 Mo. App. 258, 109 S. W. 845, and cases there cited.]

Appellants also contend that the contract sued upon was obtained by fraud in that plaintiff falsely represented to Viers, their agent, that he had a contract with the school district for the purchase of the property. Even if this were true, fraud in the procurement of the contract to pay plaintiff one thousand dollars was not pleaded and as such fraud did not appear on the face of the contract and was not developed by the testimony of plaintiff it cannot now be considered. [McClure v. Ullman, 102 Mo. App. 697, 77 S. W. 325; McDearmott v. Sedgwick, 140 Mo. 172, 39 S. W. 776; Kelerher & Little v. Henderson, 203 Mo. 498, l. c. 511 *et seq.*, 101 S. W. 1083; Bell v. Warehouse Co., 205 Mo. 475, l. c. 492-493, 103 S. W. 1014.]

It is further contended by appellants that plaintiff's testimony upon which he must rely to make out his case shows that the agreement between these parties was against public policy, for the reason that it was in restriction of open and free bidding. This contention cannot stand for the reason that there was no bidding, but the school board fixed the price and then sought a purchaser to take the property at that price and made no provision for competition in bidding.

The finding of the trial court is supported by substantial testimony. The judgment will be affirmed. All concur.