## W. C. WHITE v. McMATH & JOHNSTON.

### (*Jackson.* April Term, 1913.)

1. CONTRACTS. Validity of contract in restraint of competition depends upon its purpose and tendency, and not on its specific result.

Where a contract is sought to be impeached upon the ground that it is against public policy, because its purpose and tendency was to prevent competition, its purpose and tendency, and not the specific result, determines its validity; and it may be invalid, even though in the particular case competition was not in fact stifled, and the third party obtained his full price. (*Post, pp.* 715-717.)

Cases cited and approved: Atcheson v. Mallon, 43 N. Y., 147; Gibbs v. Smith, 115 Mass., 592; Hoffman v. McMullen, 28 C. C. A., 178.

2. SAME. In restraint of competition in the private sale of a tract of land is not void as against public policy.

An agreement by a party wishing to purchase a certain tract of land, privately owned, which was not being offered at public sale, or open to competitive bidding on or against any fixed date, to pay another a certain sum of money in consideration of his relinquishment of his right to purchase the land at a price at which it had been offered to him, is not void as against public policy. (*Post, pp.* 716, 717.)

Cases cited and approved: Vidal v. Philadelphia, 2 How. (U. S.), 127; Railroad v. Railway, 35 C. C. A., 423; Shelton v. Sire, 11 Mod., 310; Moore v. Bank, 139 Ala., 595; Daily v. Hollis, 27 Tex. Civ. App., 570; Hughes v. Foltz, 142 Mo. App., 513; Camden v. Dewing, 47 W. Va., 310.

Case cited and distinguished: Hale v. Henderson, 4 Humph., 199.

3. SAME. · Relinquishment of · right to purchase land under owner's offer is sufficient consideration for another prospective purchaser to promise to pay a certain sum, when not opposed to public policy.

A party's relinquishment of his right to purchase certain land at a price at which it had been offered to him by the owner is a sufficient consideration for the promise of another prospective purchaser to pay a specified sum of money, since the withholding of competition, when not opposed to public policy, is a binding consideration. (*Post, pp.* 715, 716, 718, 719.)

Cases cited and approved: Spitz v. Bank, 8 Lea, 641; Bedford Co. v. Railroad, 14 Lea, 525; and the cases cited under the preceding headnote.

---

## FROM SHELBY.

---

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by writ of *certiorari* from the Court of Civil Appeals to the Supreme Court.

J. J. WILLIAMS, JR., for White.

A. J. CALHOUN, for McMath & Johnston.

---

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This suit was brought by McMath & Johnston against White to recover $240, and is before us on petition of *certiorari* to reverse the judgment of the court of civil appeals, affirming the judgment of the circuit court of

Shelby county in favor of plaintiffs in the last-named court.

McMath & Johnston were engaged in the business, in Memphis, of buying and selling real estate, and had entered into negotiations with the owners of a tract of land near Dundee, Miss., and had examined the land and obtained an offer from the owners to sell same to them at $17.50 per acre, and an acceptance was under consideration. White later made an examination of the tract, and endeavored to negotiate with its owners; but, in view of the offer then outstanding to McMath & Johnston, the owners of the land would not sell. White then went to the office of McMath & Johnston in an effort to get them out of the way. At his instance and for his benefit the following contract was entered into:

"For a valuable consideration to me in hand paid by McMath & Johnston, receipt of which I hereby acknowledge, I hereby agree that I will purchase from Trotter & Dreyfus, owners, a certain tract of 480 acres of land near Dundee, Miss., and upon delivery to me by owners of satisfactory conveyance therefor, I will pay said McMath & Johnston the sum of $240.

"It being expressly understood between the parties hereto that said McMath & Johnston have had said land offered to them by the owners at $17.50 per acre, and they are now considering the purchase of said land on their own account. The consideration for the payment of said sum is relinquishment by said McMath & Johnston of their right to purchase said land at said prices, and leaving me, W. C. White, free to conduct negotia-

tions on my own account with said owners. Sale to any one else caused by me, or in my interest, shall be deemed a sale to me. We agree to perform the above contract [Signed] W. C. White. McMath & Johnston, Incorporated, by F. M. McMath, Pres."

The errors assigned disclose two defenses: (1) That the contract is void, because executed for the purpose of preventing competition, and is, therefore, against public policy; (2) that the contract is not supported by a consideration.

The court of civil appeals was divided upon the question whether the contract was invalid because in contravention of public policy, but was unanimous in ruling in affirmance of the circuit court on a distinct point —that since it appeared that White was unable to procure the land at a price lower than $17.50 per acre, and in point of fact paid slightly in excess of that price, no harm to the third party had resulted, and that, therefore, it was not necessary to rule respecting the validity of the contract.

It is manifest that this was an erroneous view. The purpose and tendency of a contract so impeached, and not the specific result of the contract, determine its validity; and it may be invalid, even though in the particular case competition was not in fact stifled and the third party obtained his full price. *Atcheson* v. *Mallon,* 43 N. Y., 147, 3 Am. Rep., 678; *Gibbs* v. *Smith,* 115 Mass., 592; *Hoffman* v. *McMullen,* 83 Fed., 372, 28 C. C. A., 178, 45 L. R. A., 410: 1 Page, Contracts, 630.

The frustration of the design, if a wrongful one, by the intervention of an act of the third party, cannot avail to make it valid or enforceable.

But is the contract one that is to be denounced as thus invalid? No case is cited on the brief of petitioner's counsel so holding. It is apparent that cases are inapplicable which have reference to contracts involving the stifling of bids at judicial or *quasi* judicial sales, at sales of State or public lands, or at auction sales, where competition is necessarily focused.

We have here for consideration a contract touching a single tract of land, privately owned, and that was not being offered at public sale or open to competitive bidding on or against any fixed date.

In *Shelton* v. *Sire,* 11 Mod., 310, it was said that a person may restrain himself from buying an estate, and that such a restraint is a consideration to support a contract to pay.

In *Moore* v. *First National Bank,* 139 Ala., 595, 36 South., 777, it was held that an agreement by a contractor, negotiating privately for the construction of a building, to abandon the negotiations and allow another to obtain the contract, was not contrary to public policy. But had the work been let to competitive bidding, it seems that contrary would have been the ruling. *Daily* v. *Hollis,* 27 Tex. Civ. App., 570, 66 S. W., 586.

When a school board fixed the price of property which the school district wished to sell, and then sought a purchaser thereof at that price, making no provision for competitive bidding, a contract of plaintiff to step aside

for a consideration and let defendant get a contract therefor, is not against public policy. *Hughes* v. *Foltz,* 142 Mo. App., 513, 127 S. W., 112.

The Supreme Court of West Virginia enforced a contract the consideration for which was the withdrawal of one party from competition in purchasing lands offered for sale otherwise than on competitive biddings. *Camden* v. *Dewing,* 47 W. Va., 310, 34 S. E., 911, 81 Am. St. Rep., 797.

The case of *Hale* v. *Henderson,* 4 Humph., 199, is to be differentiated on two of its phases. The lands there involved were parts of the public domain, and they were offered at public sale on competitive bids. In the case under consideration, neither of these elements appear.

The power to declare contracts void as against public policy is said to be a delicate and undefined power, only to be exercised in cases settled by recognized precedents and when free from doubt. *South Carolina, etc., R. R.* v. *Railway,* 93 Fed., 543, 558, 35 C. C. A., 423; *Vidal* v. *Philadelphia,* 2 How. (U. S.), 127, 11 L. Ed., 205. And Mr. Page, in 1 Page on Contracts, sec. 326, says: "There may be said to be a strong tendency at modern law to restrict the operation of public policy as avoiding contracts to cases included under recognized legal principles."

While, as is above indicated, the authorities on the point here under discussion are few in number, they tend to uphold the contract, rather than to denounce it; and we accordingly hold that the views of the majority

White v. McMath.

of the court of civil appeals respecting it were erroneous.

That the contract was supported by a sufficient consideration is held in the cases above cited. Withholding competition, when not opposed to public policy, is a binding consideration. 6 Am. & Eng. Ency. L. (2d Ed.), 746, and cases there cited; *Spitz* v. *Bank,* 8 Lea, 641; *Bedford County* v. *Railroad,* 14 Lea. 525.

The result of the decree of the court of civil appeals being a correct one, the writ of *certiorari* is denied.