No. 26,651.

F. H. BARNETT, *Appellee,* v. BERTHA DUNLOP and HERMAN
PETER, *Appellants.*

SYLLABUS BY THE COURT.

1. BROKERS—*Mediate Acquisition of Principal's Land—Good Faith.* After a
real-estate agent has effected a sale of his principal's land to a vendee who
purchased for himself, the agent may purchase for himself from the vendee,
providing the agent's mediate acquisition of his principal's land was free
from subterfuge and was characterized throughout by good faith.

2. SAME — *Mediate Acquisition of Principal's Land — Right to Resell.* A real-
estate agent sold a tract of land, and his principal executed a contract of
sale to the purchaser whereby the purchaser became entitled to a deed on
making monthly payments until the price was fully paid. After making
two monthly payments, the purchaser assigned the contract to the agent,
who afterwards sold the land to another vendee. The jury found the agent
acted in good faith. *Held,* the agent was privileged to resell the land on
his own account, without notice to or consent of the principal.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCH-
INGS, judge. Opinion filed November 6, 1926. Affirmed.

*John D. Myers,* of Kansas City, Mo., for the appellants.

*Arthur J. Stanley,* of Kansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by a real-estate agent to recover
from his principals commissions for the sale of tracts of land. The
defense was forfeiture of commission for unfaithful conduct. Plain-
tiff prevailed, and defendants appeal.

Plaintiff was exclusive agent of defendants to sell tracts of platted
land. The terms of the agency were stated in a written contract.
Sales were to be made at prices mutually agreed on by principals
and agent. On making an initial payment, the purchaser of a tract
would be given an option contract signed by defendants, renewable
by subsequent payments of stated amounts on the first day of each
month until the entire consideration should be paid. Initial and
monthly payments were made by purchasers to the agent, who
made monthly statements to the principals of money collected.
Tract No. 4 was sold to W. H. McCune for $1,000, and an initial

Appeal and Error, 4 C. J. p. 1159 n. 40. Brokers, 9 C. J. pp. 536 n. 25, 540
n. 51.

payment of $100 was duly made. McCune made the first monthly payment promptly on September 1, 1922, and made the second monthly payment on October 17. McCune made no further payments, but assigned his contract to plaintiff's daughter, E. Lorraine Barnett, who assigned to plaintiff. The payment due November 1 was made November 13. Subsequent payments were promptly made on the first day of each month. On December 28, 1922, plaintiff, in his own right, gave A. G. Gunn an option contract to purchase the tract for $1,500, on payment of an initial sum and subsequent monthly payments.

The court instructed the jury fully and, as defendants concede, correctly, respecting the general duty of an agent to act with fidelity in the conduct of his principal's business. The court refused, however, defendants' request to instruct the jury that if plaintiff procured an assignment of the McCune contract to himself, and then resold the tract at an advanced price, without the knowledge or consent of defendants, he was guilty of fraud and could not recover. On the other hand, the court instructed the jury that if the sale to McCune was made in good faith, at a price and on terms agreed on between principal and agent, whereby the purchaser acquired the privilege of completing the purchase and receiving a deed, plaintiff might buy from the purchaser, or take an assignment of the purchaser's contract; but if the sale to McCune was collusive, or upon any agreement or understanding that McCune's contract should be assigned to plaintiff, or if plaintiff did not act in good faith, but sought to procure and did procure an advantage or profit to himself other than his proper commission, he could not recover.

The instruction given correctly stated the law. It is elementary that, after a real-estate agent has effected a sale of his principal's land to one who purchased for himself, the agent may purchase for himself from the vendee, provided the agent's mediate acquisition of his principal's property was free from subterfuge and was characterized throughout by good faith. In this instance, defendants executed the contract of sale to McCune, and prices and terms were indisputably acceptable to them. McCune made the necessary initial payment and purchased in good faith on his own account. There was no evidence indicating that he was a nominal vendee or mere conduit of title from defendants to plaintiff (*Smith v. Tyler*, 57 Mo. App. 668), or had any express or tacit understanding that plain-

tiff was to take his place in the purchase. There was no evidence that, when the land was sold to McCune, plaintiff had any thought, much less expectation, that he would become its owner (*Robertson v. Chapman*, 152 U. S. 673, 682). McCune's contract expressly provided that it was assignable, except under circumstances not material here. Plaintiff was privileged to take an assignment of it, provided the transaction were not tainted with bad faith. As rightful owner of the McCune contract, plaintiff was privileged to sell to Gunn on such terms as Gunn might accept, without notice to or consent of defendants. Gunn testified plaintiff told him that plaintiff purchased from McCune, and there is no dispute that Gunn purchased in good faith. The result is, the verdict of the jury establishing plaintiff's good faith throughout is conclusive.

The McCune contract provided that time was of the essence of the sale, and in the event the option to purchase were not kept in force by prompt monthly payments it should be forfeited. Defendants contend that because the payment due October 1, 1922, was not made until October 17 the contract terminated, defendants were entitled to possession, McCune had nothing to assign, and because plaintiff did not inform defendants of McCune's default he was guilty of fraud.

McCune's payment due on October 1 and made on October 17 was duly reported to defendants, and the payment due November 1 and made on November 13 was duly reported to defendants. The dates of these payments were correctly indorsed on the McCune contract, and there is no evidence in the record they were not reported in the November and December statements sent to defendants. Beginning with November, plaintiff's monthly statements of sales and collections were made to John D. Myers, as attorney for defendants. Myers testified he examined the November and December statements. He did not produce the statements, and did not testify that the dates of the October and November payments were not reported to him. Therefore the contention that plaintiff in effect concealed McCune's default appears to be gratuitous. In any event, this court is not authorized to declare that plaintiff was at fault, contrary to the finding of the jury.

In January or February, 1923, Herman Peter saw Gunn in the vicinity of tract No. 4, and Gunn told Peter he had purchased of Barnett, and Barnett had purchased of McCune. Shortly after-

ward, probably a month later, and in the spring of 1923, Myers, as attorney for defendants, visited Gunn, examined Gunn's contract with Barnett, and was told by Gunn that Barnett had purchased of McCune. Bertha Dunlop acquired knowledge of the transaction between McCune and plaintiff in July, 1923. With all this information, defendants continued to accept payments from plaintiff on the McCune contract up to and including October, 1923. The court instructed the jury that if they found the facts to be substantially as stated, defendants would not be in position to question plaintiff's acquisition of title to tract No. 4, and would not be in position to urge forfeiture of commission on that account. No complaint is made of the instruction, the jury returned special findings of fact embracing all the material facts which have been stated, the findings are not contested, and that is the end of the matter.

Plaintiff alleged there was a balance due him of $600 on account of commissions on closed sales which he had made. He testified, however, that funds to the amount of $200 had come into his hands which should be credited on the account, leaving a balance due of $400. The court instructed the jury that he could recover but $400 as commissions on the closed sales which he had made. The jury returned a verdict for plaintiff for $600, and the court rendered judgment for $600. Defendants contend the judgment should be reduced to $400.

Plaintiff sued for more than the commissions due him on closed sales which he had made. He claimed commissions on sales which he made but which defendants refused to close, and he claimed commissions on sales which defendants made within the term of the agency; but after defendants refused to recognize him further as their agent. These items of recovery were submitted to the jury in the court's instructions. Findings of the jury apparently negative right to recover on sales by plaintiff which defendants refused to close, but there are no findings relating to sales made by defendants, and the evidence on which the subject of commissions on those sales was submitted by the court to the jury is not abstracted. The result is, no basis for reducing the judgment is disclosed.

The judgment of the district court is affirmed.