HENRY HOLCOMB *vs.* THOMAS H. WEAVER.

Bristol. Oct. 25, 1883. — Jan. 29, 1884. FIELD & W. ALLEN, JJ., absent.

C. requested A. to recommend to him a builder "that you can indorse in every way responsible and reliable," who could erect a building for him cheaper than certain other builders. A. recommended B., who orally promised to pay A. a sum of money "for his trouble." B. was employed by C., erected the building, and was paid. *Held,* that A. could not maintain an action against B. on his promise.

HOLMES, J. The plaintiff in New Bedford was written to from New York on behalf of the Pasque Island Club, and requested to find a builder who could erect a building for them cheaper than the New York builders. The letter continued, "but we only want parties that you can indorse in every way responsible and reliable." The plaintiff in reply introduced the defendant, who made his estimates, was employed, erected the building, and was paid. At an early stage of the proceedings, the plaintiff asked and obtained a promise from the defendant to pay him $250, "as a commission or compensation for his trouble in the matter," which is the promise sued upon. The plaintiff testified that this promise was made without the knowledge of the club, but that he expected no pay from them for procuring the defendant to erect the building. The court ruled that the plaintiff could not recover; and the plaintiff excepted.

The ruling was clearly right. The plaintiff was not asked merely to introduce a possible contractor, who was to be dealt

with by the club on the same footing as any one else, and to stand at no advantage in bargaining with them by reason of the introduction, as in *Rupp* v. *Sampson*, 16 Gray, 398. He was asked to recommend some one as in every way responsible. His recommendation obviously was expected to have weight with the club, and did have it. If his agreement with the defendant was made before his recommendation, it had a necessary tendency to give a bias to what they knew the club relied on as disinterested. A recommendation under these circumstances would have been a fraud, even if gratuitous, and it is therefore immaterial whether the club was to pay for it or not, although it is hard to see why the plaintiff could not have recovered for his trouble if he had dealt fairly. If, then, the agreement was made at the time supposed, it was open to all the objections so fully stated in *Fuller* v. *Dame*, 18 Pick. 472, and was void by that and other Massachusetts decisions. *Rice* v. *Wood*, 113 Mass. 133. See also *Atlee* v. *Fink*, 75 Mo. 100; *Harrington* v. *Victoria Graving Dock Co.* 3 Q. B. D. 549; *Panama & South Pacific Telegraph* v. *India Rubber, Gutta Percha, & Telegraph Works*, L. R. 10 Ch. 515.

The agreement was open to the same objections on another ground, whether made before or after the plaintiff had written his recommendation. It was made at all events before the defendant had completed his bargain with the club. The parties knew that the club were seeking to get the work done as cheaply as they could get a trustworthy man to do it. If the defendant had to pay the plaintiff, he would naturally charge it to the club in his estimate, or in some way make the club pay him back. The tendency of the contract was to induce the defendant to charge, and to make the club pay, more than was necessary or fair, when the plaintiff had led them to expect that they would be dealt with honestly and economically, and certainly with no adverse interest emanating from the plaintiff.

We may add, that, if the date of the promise in suit were material and left in doubt, we should assume the fact to be that which was most favorable to the ruling; and also, that, if the promise was made after the plaintiff had written to New York recommending the defendant, the plaintiff would have a good deal of difficulty in showing a consideration which was not

executed before the promise was made. For the trouble for which the plaintiff was to have a commission obviously meant his recommendation of the defendant. He does not appear to have taken any other. *Judgment affirmed.*

*H. M. Knowlton & W. C. Parker,* for the plaintiff.

*T. F. Desmond,* for the defendant.