## Van L. Hampton et al. v. George A. Lackens.

1.   AGENCY—*An Agent Can Not Act for Both Vendor and Vendee.* —A man can not act as the agent for both vendor and purchaser of the same property without the authority, knowledge and consent of both.

**Assumpsit,** for commissions.   Error to the County Court of Mc-Donough County; the Hon. CROSBY F. WHEAT, Judge, presiding.   Heard in this court at the May term, 1897.   Reversed.   Opinion filed December 2, 1897.

ELTING & CAMP and H. C. AGNEW, attorneys for plaintiffs in error.

A person can not act as agent for both purchaser and seller and earn a compensation from each, unless by distinct arrangement between all who are concerned.   1 Wait's Actions and Defenses, 247; Holcomb v. Weaver, 136 Mass. 265; Bollman v. Loomis, 41 Conn. 581; Atlee v. Fink, 75 Mo. 100; Rice v. Wood, 113 Mass. 133; Cottom v. Holliday, 59 Ill. 176.

PONTIOUS & MICKEY, attorneys for defendant in error.

MR. JUSTICE GLENN DELIVERED THE OPINION OF THE COURT.
This case is brought to this court by writ of error to the County Court of McDonough County.   Suit was brought

by the defendant in error to recover of the plaintiffs in error commissions as a real estate agent.

It appears from the evidence in this case that the plaintiffs in error, being the owners of eighty acres of land in Mc-Donough county, on the 8th day of January, 1895, negotiated a sale of said land to one Elias Anderson. He was to convey a quarter section of land he owned in Kansas, to plaintiffs in error, assume the payments of a mortgage for $2,100 that was a lien on their land, and pay them $900 in money. Upon Anderson doing this they were to convey to him the eighty acre tract they owned in McDonough county.

In negotiating and effecting this trade, the defendant in error acted as the agent of each, without disclosing to either he was acting for the other. He received of Anderson for his services $24 (he agreed to pay him $25). Plaintiffs in error agreed to pay him for his services in negotiating and effecting this trade for them $50. To recover this last named sum this suit is brought. In this sale plaintiffs in error did not know at the time it was effected, that defendant in error was acting for Anderson, nor did he know that Lackens was acting for plaintiffs in error.

A man can not act as the agent of both vendor and purchaser of the same property without the authority, knowledge and consent of both the parties interested. The law does not allow him to assume relations so essentially inconsistent and irreconcilable with each other, and so much so, they can not be performed by the same person. There is danger that the interests of one or the other or both may be sacrificed, or that neither of them will enjoy the benefit of a discreet exercise of the trust reposed in the agent. It is the essence of the contract that he will use his best skill and judgment to promote the interests of his employer. This he can not do when he acts for two parties whose interests are essentially adverse. He therefore is guilty of a breach of his contract.

By not disclosing his true relations in this transaction to the parties, he is guilty of a fraud, and his contract with

plaintiffs in error is against public policy and void, and there can be no recovery on it. Cottom v. Holliday, 59 Ill. 476; Farnsworth v. Hemmer, 1 Allen 494; Rice v. Wood, 113 Mass. 133; Holcomb v. Weaver, 136 Mass. 265; Walker v. Osgood, 98 Mass. 348; Fuller v. Dame, 18 Pick. 472; Roll-man v. Loomis, 41 Conn. 581; Atlee v. Fink, 75 Mo. 100.

Judgment of court below is reversed.