## John Heffernan et al. v. Laura P. Bail.

1. INTOXICATING LIQUORS—*Evidence Sufficient to Sustain a Recovery of Damages for Sale of.*—Evidence in the case showed that a large quantity of whisky and beer was shipped into the plaintiff's home town and delivered to her husband, but failed to directly show any specific shipments to him by the defendants. It was shown, however, that boxes or bottles containing beer and whisky were delivered to him by the drayman, and that he drank from the same and became intoxicated; that on two occasions he visited the place of business of defendants and drank four different drinks of intoxicating liquor. It was also shown that collections in favor of defendants and against plaintiff's husband were made through the local bank; that a number of the bottles containing liquor which were delivered to plaintiff's husband by the drayman, had the name of the defendants' company blown upon them. Plaintiff also testified that her husband on one occasion, at least, brought home a bottle upon which the name of the defendants' company was blown; that it contained whisky, and that he had many others of the same kind; and a statement purporting on its face to be rendered by the defendants' company to plaintiff's husband was introduced in evidence, in which appeared the item, "Box No. 531, $1.60." *Held*, that such facts and circumstances, and the inferences which may be reasonably drawn therefrom, are sufficient, *prima facie*, to establish the fact that the defendants sold and delivered liquor to the plaintiff's husband, from the use of which he became intoxicated, and habitually so, to the injury of plaintiff.

2. EVIDENCE—*Incompetent Evidence Affecting Amount of Verdict.*— Where improper evidence could over-affect or influence the jury upon the question of the amount of damages to be assessed, such error is not

prejudicial where the competent evidence upon that question fully justifies the amount of the verdict.

3. SAME—*Facts Admissible When Tending to Prove Averments of Declaration.*—Facts and circumstances which, when standing alone, might have little probative force, are admissible if, when taken together with all the other facts and circumstances appearing in evidence, they tend to fairly prove the averments of the declaration.

4. INSTRUCTIONS—*In Language of the Statute, Proper.*—An instruction which gives but the language of the statute under which the suit was brought and prosecuted, is proper. If the other party desires a construction of the language used, he is at liberty to prepare and offer an instruction for that purpose.

5. SAME—*Imperfect One Cured by Others Given.*—An instruction which does not require the jury to find their verdict from the evidence is not misleading where the others of the series given repeatedly give the jury the true rule.

Prosecution Under Dram-Shop Act.—Appeal from the Circuit Court of Douglas County; the Hon. WILLIAM G. COCHRAN, Judge presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed August 28, 1903.

ECKHART & MOORE and S. PHILBRICK, attorneys for appellants.

CLARK & SCOTT and J. H. CHADWICK, attorneys for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This action was brought by appellee, under the dramshop act, against appellants and several others, for damages resulting from the sale of intoxicating liquor to her husband. A trial resulted in a judgment against appellants and one Lynch for the sum of $600. An appeal was prayed and perfected by appellants only. The grounds relied upon for a reversal of the judgment are (1) the permitting of the introduction of improper evidence on the part of plaintiff; (2) the giving of improper instructions on behalf of plaintiff, and (3) that the verdict, as against appellants, is not supported by the evidence. The declaration consisted of two counts, the first of which charged, substantially, that William L. Bail, the husband of appellee, was habitually intoxi-

Heffernan v. Bail.

cated; that such habitual intoxication was caused by reason of the sale or gift of intoxicating liquors to him by the defendants; that for a long time prior to the commencement of the action, which was begun in the March term, 1900, of that court, the husband of appellee followed the occupation of a stone-cutter and was capable of earning an income of $1,500 a year; that he was the owner of property to the value of $2,000; that he provided a comfortable and liberal maintenance for himself and appellee and their minor children, and that prior to the commencement of this suit, the defendants sold and gave intoxicating liquors to the said W. L. Bail, and caused him to be habitually intoxicated, and being so intoxicated he wasted and squandered his money, became impoverished, etc., neglected his occupation, and in consequence of such habitual intoxication wasted and squandered the money and property owned by the plaintiff; that she was compelled to support herself and minor children; by means whereof the appellee says she was injured in her property and means of support.

The second count was substantially the same as the first, except that it did not charge habitual intoxication. All the defendants except Lynch filed their several pleas of not guilty. No evidence was offered by either of the defendants on the trial. The evidence offered by appellee tended to show that Laura P. Bail, the plaintiff below, was the wife of Link Bail, and dependent upon him for support for herself and family; that her husband, Link Bail, when not drinking, was a hard-working, industrious man, receiving good pay for his labor, and providing well for his family and home, but in the habit of getting intoxicated frequently, from 1895 to the time he quit work, a short time before the suit was brought, at which times he neglected his work, mistreated his wife, and failed to provide the necessaries for his family, whereby she was compelled to, and did, work away from home in various employments, obtaining money with which to support herself and family, and in consequence of such intoxication and failure to receive the earnings to which she was entitled from her husband, she lost

her home and household goods under chattel mortgages given for the necessaries of life.

Plaintiff and her husband lived at Tuscola, and appellants were engaged in the wholesale liquor, cigar and tobacco, saloon and bar fixture business at Champaign, Illinois, under the firm name and style of Heffernan Bros. The evidence further shows that a large quantity of whisky and beer was shipped into Tuscola through the American Express Co., and delivered to Bail, but failed to directly show any specific shipment to him by appellants. It was shown, however, that boxes or bottles containing beer and whisky were delivered to him by a drayman, and that he drank from the same and became intoxicated; that on two occasions he visited the place of business of appellants in Champaign and drank four different drinks of intoxicating liquor. It was also shown that collections in favor of appellants and against Bail were made through the local bank; that a number of the bottles containing liquor which were delivered to Bail by the drayman had the name of Heffernan Bros. blown upon them.

Appellee testified that her husband, on one occasion, at least, brought home a bottle upon which the name of Heffernan Bros. was blown; that it contained whisky, and that he had many others of the same kind.

There was also introduced in evidence a statement, purporting on its face to be rendered by Heffernan Bros. to Bail, in which appears the item, " Box No. 531, $1.60."

While the evidence fails to establish directly that appellants sold or furnished liquor to Bail other than at the time in their place of business, above referred to, we think the facts and circumstances above detailed, and the inferences which may reasonably be drawn therefrom, are sufficient, *prima facie*, to establish the fact that they sold and delivered liquor to him, from the use of which he became intoxicated, and habitually so, to the injury of appellee as charged in her declaration. Numerous rulings of the trial court in the admission of evidence are urged as error. A portion of the alleged improper evidence could only have

Heffernan v. Bail.

affected or influenced the jury upon the question of the amount of damages to be assessed. Inasmuch as the competent evidence upon that question fully justifies the amount of the verdict, any error which affected the amount of damages only, could not have been prejudicial. Appellants complain that the court erred in permitting the drayman, Langley, to testify that he delivered packages to Bail from the express office, in view of the fact that there was no direct or positive evidence that the packages came from appellants, or that they contained intoxicating liquor; in permitting the president of the bank to testify that collections against Bail and in favor of appellants were made by the bank, in the absence of any proof as to what the bills were for; and in admitting in evidence a certain bill-head or statement purporting to have been rendered by appellants to Bail, without showing what the " Box No. 531 " mentioned in the statement, contained. While these facts and circumstances standing alone might have little probative force, if taken together with all the other facts and circumstances appearing in evidence, we think they tend to fairly prove the averments of the declaration, and that the evidence complained of was, therefore, properly admitted. Appellants complain that appellee's first and second instructions were improperly given to the jury. The first instruction gives but the language of the statute under which the suit was brought and prosecuted, and we think was properly given. If appellants desired a construction of the language used, they were at liberty to prepare and offer an instruction for that purpose. Fox v. Kendall, 97 Ill. 72; Race v. Oldridge, 90 Ill. 250.

It is contended that plaintiff's second instruction was erroneous for the reason that it told the jury that they could find either or any or all of the defendants guilty, without requiring that they should be so found, from the evidence. While we would not approve of the instruction, independently of the others of the series given, inasmuch as the jury were repeatedly told by the defendant's instructions that the plaintiff could not recover unless she proved

the material averments of her declaration, naming them specifically, by a preponderance of the evidence, we are satisfied that the jury could not have been misled thereby. Upon a full consideration of the record we are satisfied that the judgment should be affirmed.