FOURTH DISTRICT—FEBRUARY, 1910.     23

Wells v. Baltimore & Ohio Southwestern Ry. Co., 153 Ill. App. 23.

**Matthew B. Wells, Administrator, Appellee, v. Baltimore & Ohio Southwestern Railroad Company, Appellant.**

1. CONTRIBUTORY NEGLIGENCE—*what considered in determining.* In determining whether a party was at the time of an injury in the exercise of due care for his safety, the locality, surroundings, conditions, and all of the circumstances are to be considered.

2. CONTRIBUTORY NEGLIGENCE—*what competent to rebut.* Held, in this case, that the unreliability of the bell alleged to have been ringing as a warning to the person injured, was competent upon the question of his exercise of due care.

3. INSTRUCTIONS—*in language of statute.* An instruction in the language of the statute is ordinarily not subject to complaint.

4. VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Marion county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed February 11, 1910.

KRAMER, KRAMER & CAMPBELL and KAGY & VANDERVORT, for appellant; EDWARD BARTON, of counsel.

CHARLES H. HOLT, W. F. BUNDY, and NOLEMAN & SMITH, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

This is an appeal from a judgment in favor of appellee for the sum of $2,000 on account of the death of appellee's intestate, occasioned by a collision between a wagon driven by him and a train of appellant, at the crossing of a public street called Broadway in the city of Salem.

The declaration contained three counts, charging the appellant in the first count with negligence in propelling its train over and across said street at a high and

dangerous rate of speed, and in the second count in running said train at a high and dangerous rate of speed over said crossing, without giving the statutory signals by bell or whistle, while in the third count the appellant was charged with running said train over the crossing at the rate of fifty miles per hour in violation of the ordinance of the city of Salem regulating the speed of the train to fifteen miles per hour.

The main track of appellant upon which the collision occurred extended through the city of Salem in a direction almost due east and west, crossing the street named Broadway which extended north and south at almost right angles. Appellant's depot was located just north of the main track a distance of near fifty feet west of the west line of Broadway, and for some four hundred feet west from the west line of Broadway adjoining and parallel with the main track the depot platform was extended. At the west end of the platform was a tool house, and at a short distance west of the tool house the railroad track curved slightly to the south. This curve was a one degree curve.

Immediately south of the main track at a distance of twelve or fifteen feet from it, and parallel with it, is another track called the passing track which also crosses Broadway, and immediately south of the passing track is another parallel track called the house track, which connects with the passing track just west and near the west line of Broadway, but the frog where the north rail of the latter track intersects and crosses the south rail of the passing track is sixty-three feet west of the west line of Broadway. This house track also extends west. Broadway was eighty feet wide and much travelled. There was a two-story mill building located about twenty-five feet south of the main track, the east line of which was the west line of Broadway. Between the north side of the mill building and the tracks was a road which ran westerly parallel with and near the house track from Broadway to the southwest part of the city. The road was

narrow and there were no buildings between it and the main tracks.

On March 11, 1908, appellee's intestate, James E. Cooper, was then and had been for sometime engaged in delivering goods about the city of Salem and for this purpose drove a team of ponies hitched to a covered wagon. He had been accustomed to use the road and crossing on Broadway and was familiar with them. On the day mentioned, he had delivered some goods to a customer named Beard three blocks west of Broadway and some two hundred feet south of the tracks, and returned to Broadway along the narrow road. Before Cooper drove towards Broadway, a freight engine had been switching cars on the passing and house tracks in the neighborhood of Broadway, and by the time he reached there it had backed onto the house track, the east end of the engine being at the frog before mentioned. Between the frog and Broadway, there were no cars or engines on the house or passing track. Cooper drove onto Broadway and in attempting to drive over appellant's tracks, the wagon in which he was riding was struck by a passenger train of appellant going east on the main track, resulting in the death of Cooper. The train made no stop at the depot at Salem.

Numerous errors are assigned and they may be considered in the order in which they are urged in appellant's argument.

It is not contended there was no evidence tending to prove the averments of negligence charged in the declaration, but it is contended the evidence so manifestly preponderates in favor of appellant upon this question the verdict cannot stand. We agree, if the verdict is clearly and manifestly against the weight of the evidence, this court has the power, and it is its duty, to review the action of the trial court in refusing to set aside the verdict, although it does not appear it was not the result of the impartial and honest

judgment of the jury, nor that it resulted from passion, prejudice or improper motive.

There was a sharp conflict in the testimony as to the speed of the train and also whether the statutory signals were given. A number of witnesses testified both for and against appellant upon both alleged breaches of duty.

Several witnesses, employes of appellant, some of whom were upon the train, estimated its speed at its approach to the crossing at from twelve to fifteen miles per hour and a witness not an employe, said the train was running so slowly he thought it would stop at the station. About an equal number of witnesses who saw the train, testified its speed to have been from thirty-five to sixty miles an hour.

The engineer did not see Cooper until he was within forty feet of the place of the collision. The fireman did not see him before he was struck. At the instant the engineer saw Cooper, he applied the emergency brakes and states the train ran three hundred and sixty feet beyond the crossing before it stopped. Other witnesses testify it ran much farther.

It will be seen the testimony upon this question is in such conflict it cannot be reconciled, and the same is true respecting the signals. A number of witnesses testify signals were given, and a number testify they were not or did not hear them. It is argued the employes of appellant, being more familiar with the operation of trains, are better qualified to judge of speed and therefore their testimony is entitled to more weight than that of witnesses who are not so familiar. There was no method of calculating the speed other than by the opinions of witnesses, and the jury having seen them and heard them testify and having considered such physical facts disclosed by the evidence as were material, we are of opinion their conclusion upon the branch of the case charging appellant with negligence, is not so clearly against the weight of the evidence as to call for a reversal.

The law required of appellee's intestate that degree

of care which a reasonably prudent person under the like circumstances would have exercised for his own safety.  It is urged he failed in this, and the court erred in not directing a verdict for appellant, or if not, at all events the verdict is so clearly against the evidence the judgment should be reversed.

The locality, surroundings, conditions and all the circumstances are proper to be considered in determining the question, which is peculiarly one of fact for the jury.

There was evidence that· as Cooper came from the west he stopped some fifty feet west of the mill a minute or so, and as soon as the switching engine had cleared the crossing at Broadway and backed west to the frog, he drove on along the narrow road to the street and in doing so the engine was escaping or popping steam while the bell was ringing.  Cooper's ponies shied at the engine and started in a brisk trot out on the street and north over the crossing.  He was called to by others but in the noise and in driving did not appear to hear or understand.  There was also testimony that the crossing bell was ringing.  In addition to the engine which was standing on the house track, there were a number of freight cars standing on the middle or passing track west of the street, which as it appears would in some degree obstruct the view of a train coming from the west over the curve to a person approaching the crossing from the south as Cooper was.  How soon before he reached the main track he could have seen the oncoming train, does not appear, but that he did not see it until he was fairly upon the track and that he was· not seen by the engineer until the train was within forty feet of his wagon, and not seen by the fireman at all, does clearly appear.  The degree of care to be observed by him should be measured also by the circumstance whether or not the statutory signals for that crossing were given, which was a question for the jury.  The object of this requirement is for the protection of persons

28    APPELLATE COURTS OF ILLINOIS.

Wells v. Baltimore & Ohio Southwestern Ry. Co., 153 Ill. App. 23.

traveling on the highway and all persons so traveling have the right to expect the law will be observed and the signals given, and it is not negligence *per se* in approaching a crossing to fail to look and listen. Although if it appears from all the evidence that in the exercise of ordinary care a person is required to look and does not and is injured in consequence, there can be no recovery.

We have carefully considered all the evidence bearing upon this question and we conclude there was no error in the refusal of the court to direct a verdict and that the verdict is not clearly against the weight of the evidence.

It is complained improper evidence was admitted over appellant's objection. Witnesses were permitted to state the train was running fast and one witness stated that it was running faster than other passenger trains she had seen.

The statement it was running fast was too indefinite to enlighten the jury and so was the comparison, and the testimony should have been rejected, but appellant had the opportunity to cross-examine whereby the testimony could have been made more definite, and we are of opinion anyway it did appellant no harm.

There was testimony on behalf of appellant that the crossing or signal bell maintained at the crossing was ringing and in rebuttal evidence was introduced that the bell was out of order at times and that it would ring continuously when there was no train at or near the crossing. It was a material circumstance going to the question of Cooper's want of care that the bell was ringing as a warning of an approaching train and the rebuttal evidence was admissible as tending to show the bell was not reliable and taken in connection with Cooper's frequent driving over the crossing which tended to show knowledge in him of its unreliability, there was no error in admitting it.

Error is assigned on the giving of appellee's instructions one and three. They are in the language of the

statute and on this ground not objectionable. Heffernan v. Bail, 109 Ill. App. 231; C. & E. I. R. R. Co. v. Crose, 113 *id.* 557. They contain all the necessary elements and so far as we can see they are in all respects correct statements of the law.

We have given the questions involved arising upon this record a careful consideration and finding no substantial error the judgment is affirmed.

*Affirmed.*