# W. J. Beeson, Administrator, Appellee, v. Vandalia Railroad Company, Appellant.

1. PLEADING—*when charge of negligence sufficient.* A general charge that the servants of defendant so carelessly and negligently ran and operated an engine as to cause the same to strike against the plaintiff's intestate, without stating in what way said servants were negligent, is sufficient even though challenged by special demurrer.

2. INSTRUCTIONS—*when upon exercise of care in looking for approaching trains, properly refused.* In an action to recover where the plaintiff's intestate was killed while working upon a railroad track, it was proper to refuse an instruction as follows, inasmuch as it did not appear from the evidence and was not admitted that the plaintiff's intestate did not look for approaching trains or cars from time to time during the course of his work.

"You are instructed as a matter of law that you would not be warranted in finding that the failure of John E. Beeson to look for approaching trains or cars is not negligence in the absence of evidence showing conditions or circumstances which excused him from looking; and you are further instructed, if you believe from the evidence that John E. Beeson did not look to ascertain if trains or cars were approaching, and that his failure to do so, contributed to his injury, then as a matter of law your verdict should be not guilty."

3. INSTRUCTIONS—*propriety of, setting forth statutory regulations. Held,* that it was proper to give an instruction which set out *in haec verba* the first portion of section 24 of the act in regard to the operation of railroads prohibiting the running of any train, etc., through the incorporated limits of a city at a greater rate of speed than is permitted by ordinance.

4. CONTRIBUTORY NEGLIGENCE—*right to presume obedience to laws.* A person engaged in working upon a railroad track has a right to presume that the railroad company will not run its engines or trains at a rate of speed prohibited by ordinance at the place in question and without observing all other requirements of ordinances and statutes.

Action in case for death caused by alleged wrongful act. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed April 15, 1911. Rehearing denied May 16, 1911.

WHITNEL, BROWNING & GILLESPIE, for appellant; FORDYCE, HOLLIDAY & WHITE and S. W. FORDYCE, JR., of counsel.

KRAMER, KRAMER & CAMPBELL and W. H. HEBEN-STREIT, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee brought this suit under the statute, to recover damages for the benefit of the next of kin of John E. Beeson, who was run over and killed by one of appellant's freight engines on December 8, 1910.

The declaration contained three counts, the first of which charged generally, carelessness and negligence in the operation of the engine; the second the violation of an ordinance of the city of East St. Louis limiting the speed of passenger trains to ten miles an hour and "any freight car or cars to six miles an hour;" the third, the violation of an ordinance of the city requiring that the bell of every locomotive should be rung continuously, while running within said city.

There was a verdict in favor of appellee for $3,000, a *remittitur* entered by him for $1,500, a motion for a new trial overruled and judgment given against appellant for $1,500.

The following facts, shown on the trial, describe the place where appellee's intestate was injured and the circumstances under which the injury occurred: St. Clair avenue, a street some sixty feet wide, runs in an easterly and westerly direction in the city of East St. Louis, and along its center are the tracks of the East St. Louis Railway Company, a street railway. These tracks are crossed at grade within the city limits by four railroad tracks of appellant, running north and south. At this crossing there is maintained a tower and crossing gates operated by a tower man. A mile and a half north of the crossing are located what are known as the Rose Lake shops of appellant. About a half mile south of the crossing is the relay depot of East St. Louis, and still further south of that are appellant's yards. Under an agreement between

them it was the right and duty of the street railway company to keep in repair the crossing of its tracks over the appellant's railroad tracks at the point in question.  On October 8, 1909, a foreman with eight or ten men, among whom was said John E. Beeson, were engaged, by the street car company, in raising and lining its tracks at this crossing, to accomplish which it was necessary to take up some of the crossing boards along appellant's track.  Shortly before 1:30 p. m. of said day a freight train of appellant had come in from the east and been left at the yards below the relay depot.  The freight engine, which had a high tender, had been detached from the train and was being backed north along the tracks to the Rose Lake shops.  Before that time Beeson had been directed by his foreman to replace a plank which had been removed from alongside one of the rails of appellant's track in St. Clair avenue, at a distance of about twenty-five feet north of the place where the street railway tracks crossed the same.  He went after his shovel, which was a short distance away in a westerly direction, and then went to the place where the plank was to be laid.  When last seen before his injury he was engaged in shoveling out some dirt or gravel from the place between the tracks where the plank was to go, and in so doing stood with his back to the south, towards the approaching engine.  The remainder of the workmen were employed south of him at the crossing of the tracks.  As the engine approached the St. Clair avenue crossing, the gates were lowered by the tower man who also gave a warning to the men on the tracks. A policeman also called out a warning to the foreman, who gave warning to the men around him at the crossing and they all got out of the way of danger.  Beeson, being some distance away, neither saw the engine nor heard the warning. He could not be seen by the fireman or the engineer on account of the high tender in front of them, and

while he was engaged in his work in the manner stated, was struck by the tender, run over and so injured that death soon ensued.

The first question raised by appellant is as to the sufficiency of the first count of the declaration to support a judgment. The criticism of this count is that it states in a general way that the servants of the appellant so carelessly and negligently ran and operated the engine as to cause the same to strike against the plaintiff's intestate without stating in what particular way said servants were negligent. We are inclined to the opinion that this count of the declaration would have been sufficient, even if special demurrer had been filed to it. Chicago St. Ry. Co. v. Jennings, 157 Ill. 274; I. C. R. R. Co. v. Aland, 192 Ill. 37.

No demurrer, however, appears to have been filed to the declaration and there was no motion in arrest of judgment. We are of opinion that under these circumstances the count was sufficient, after verdict, to support a judgment.

Upon the question whether the speed of the engine was in excess of the limit fixed by the ordinance or whether the bell was ringing or not, there was the usual controversy which arises in cases similar to this. The greater number of witnesses swore to facts tending to sustain appellee's theory that the speed exceeded the limit and that the bell was not ringing, while the witnesses on behalf of appellant on those subjects were rather more positive in their statements. The engineer and fireman testified that the engine was equipped with an automatic bell ringer, which was set in motion at the relay depot and was in operation at the time the injury occurred. It appeared however from the proofs and is uncontradicted that the bell was not ringing when the engine stopped a short distance beyond the place where Beeson was struck, a fact which the engineer seeks to explain by stating that he shut off the bell when he

got down off the engine.    The circumstances as a whole seem to rather corroborate the testimony of appellee's witnesses, concerning the violation of the ordinances as charged and we cannot say that the members of the jury, who saw the witnesses and heard them testify, abused the power reposed in them by finding the issues for appellee.

Appellant complains that instruction No. 17 offered on its behalf was refused by the trial court.    That instruction was as follows:

"You are instructed as a matter of law that you would not be warranted in finding that the failure of John E. Beeson to look for approaching trains or cars is not negligence in the absence of evidence showing conditions or circumstances which excused him from looking; and you are further instructed, if you believe from the evidence that John E. Beeson did not look to ascertain if trains or cars were approaching, and that his failure to do so contributed to his injury, then as a matter of law your verdict should be not guilty."

This instruction was clearly erroneous and was properly refused.    The first portion of it assumes that Beeson did not look for approaching trains or cars.    Of course, he was not looking for cars at the time he was struck or it is proper to presume he would have gotten out of the way; but it does not appear from the evidence, nor is it admitted that he did not look for approaching trains or cars from time to time during the course of his work.    The second portion of the instruction erroneously told the jury in effect that it was his duty to look to ascertain if trains or cars were approaching and that if his failure to do so contributed to his injury, appellee could not recover.    Deceased had a right to presume that appellant would not run its engines or trains at a rate of speed prohibited by ordinance at the crossing in question or without ringing the bell as required by ordinance, and the question whether, under all the

circumstances surrounding him, ordinary care required him to look for approaching trains was not a question of law but one of fact for the jury. Dukeman v. C., C., C. & St. L. R. R. Co., 237 Ill. 104; Stack v. E. St. L. & S. Ry. Co., 245 Ill. 308.

Appellant also complains of instruction No. 2 given for appellee. That instruction sets out in haec verba the first portion of section 24 of the act in regard to the operation of railroads, prohibiting the running of any train, locomotive, engine or car through the incorporated limits of a city at a greater rate of speed than is permitted by ordinance and applies the same to the facts in this case. This instruction was clearly within the rules of law and free from objection. Dukeman v. C., C., C. & St. L. R. R. Co., supra.

An instruction almost identical in language with this was approved by this court in the case of Wells v. B. &. O. S. W. R. R. Co., 153 Ill. App. 23.

The amount of the judgment in this case is not excessive, and as no reversible error appears in the record, such judgment should be and is affirmed.

*Affirmed.*