## W. S. Hale, Appellee, v. Thomas Hale et al., Appellants.

1. VERDICTS—*when not disturbed as against the evidence.* A verdict willl not be set aside as against the evidence unless clearly and manifestly so.

2. APPEALS AND ERRORS—*what essential to preserve propriety of arguments of counsel.* A party can only complain of such conduct when he has objected and obtained a ruling and excepted to it or excepted to a refusal of the court to rule.

3. APPEALS AND ERRORS—*how arguments of counsel preserved.* Objectionable arguments must be shown by a bill of exceptions and not by *ex parte* affidavits on a motion for new trial.

4. EVIDENCE—*when permitting additional cross-examination not improper.* It is within the discretion of the court to permit a witness to be called for further cross-examination and the action of the court in that regard will not constitute error unless an abuse of discretion appears.

5. INSTRUCTIONS—*when failure to limit cross-examination not error.* The court may in its discretion give extended latitude to a cross-examination and in the absence of an abuse of discretion error will not result.

6. INSTRUCTIONS—*when erroneous will not reverse.* Erroneous instructions will not reverse unless harm has resulted therefrom.

Assumpsit. Appeal from the County Court of Fayette county; the HON. J. H. WEBB, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 21, 1912.

F. M. GUINN, for appellants.

ALBERT & MATHENY, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

The County Court of Fayette county rendered a judgment on a verdict against appellants in a suit by appellee to recover commissions for the sale of a farm to one Clow and a small store account.

The alleged errors relied on for a reversal of the judgment are, first, that the verdict was contrary to the evidence. Appellee and appellant, Thomas Hale, were brothers. Mary Hale, the other appellant, was the wife of Thomas. Thomas and his wife owned a farm of one hundred and seventy-six acres not as tenants in common, but the former owned eighty acres of the farm and his wife ninety-six acres of it.

Appellee claimed they employed him as their agent to make a sale of the farm and agreed to pay him a commission of one dollar per acre, which appellants denied and claimed he agreed to do what he did without compensation. The farm was sold and conveyed to Clow.

The testimony of each is flatly denied by the other and each party is corroborated by members of their respective families and by other facts and circumstances. To undertake to set forth the testimony in detail would answer no good purpose and would unduly lengthen this opinion. The jury heard and saw the witnesses and after going over the testimony in the record we find the verdict is not so against the weight

of the evidence both as to commissions and the store account as to justify this court in disturbing it on that ground.

Second: It is contended the arguments of counsel for appellee were improper and calculated to unduly prejudice and influence the jury. A party can only complain of such conduct when he has objected and obtained a ruling and excepted to it, or excepted to a refusal of the court to act. City of Salem v. Webster, 192 Ill. 369; Peterson v. Pusey, 237 id. 210. If such objectionable arguments are made, they must be shown by a proper recital in the bill of exceptions and not by *ex parte* affidavits on a motion for a new trial. Mayes v. The People, 106 Ill. 306; Snyder v. Wavers, 45 Ill. App. 254. In this case no objection to the argument. or exception thereto appears in the bill of exceptions, but the objectionable matter is sought to be presented by affidavit, and it is not before us for review.

Third: It is urged there was no evidence of joint liability of appellants, on the ground that one of the appellants owned eighty acres and the other ninety-six acres of the farm. The liability did not arise out of the ownership of the land but arose if at all, out of a joint contract to pay commissions for the sale of the whole farm. If they jointly employed appellee to sell the farm and agreed to pay him one dollar per acre commissions, they are both liable and the fact they were not tenants in common but owned each a portion of it in severalty, is immaterial. There was evidence to the effect that they both employed appellee to make the sale.

Fourth: It is insisted that the court improperly permitted a witness, Winnie Hale, introduced by appellant to be cross-examined about matters which had not been the subject of her examination in chief.

After the close of the evidence on both sides appellee asked permission to recall the witness for further cross-examination which the court in its discretion

properly admitted. The witness, who was the daughter of appellants, had testified in chief that appellee came to their house before he went to see Clow about selling the farm, and her father talked to appellee about going, and he said he would go and not charge a cent if her father would furnish him a horse.

Without going into the details it appears the questions asked the witness were about a subsequent statement she should have made to Mrs. Hedrick in the presence of Sylvia Hale that she did not know what price was agreed to be paid appellee for selling the land. She denied making the statement to Mrs. Hedrick, and the latter and Sylvia Hale were called and testified she did make it.

If the witness, Winnie Hale, made the statement to Mrs. Hedrick, evidence of it tended to impeach and discredit her testimony that appellee said he would charge nothing for his services and it was competent evidence after laying the foundation. In this connection it is complained that the witnesses called to impeach Winnie Hale testified that appellant, Mary Hale, said in the same conversation that there was money enough to pay appellee and she didn't see why it was not paid. Mary Hale being a party to the suit, the evidence was competent against her as a declaration by a party, and appellants had the right to meet it if they had offered to do so, even if the evidence had been concluded. The court in its discretion may permit the introduction of evidence out of the regular order, giving the other party the right to introduce evidence to meet it.

Fifth: It is lastly contended that three instructions given for appellee did not require the jury to found their belief upon the evidence. The instructions are faulty in this regard but we think the jury could not have been misled to go outside of the evidence. Other instructions told the jury appellee must prove his case by a preponderance of the evidence; that the burden of

proof was upon him, and that the issue between the parties could only be proved in law by a preponderance of the evidence, and if appellee had failed to prove a just claim against appellants by a preponderance of the evidence the jury should find for the appellants.

We think the omission in the instructions complained of was harmless. Heffernan v. Bail, 109 Ill. App. 231. "The instructions must be taken as a series and where there are other instructions in the series that fully cover the error complained of it is cured." Hampton v. Lackens, 72 Ill. App. 442; Village of Mansfield v. Moore, 124 Ill. 133; Spies v. The People, 122 id. 1.

Perceiving no error in the case warranting a reversal of the judgment, it is affirmed.

*Affirmed.*